IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PEREZ-SERRANO,           )<br>                                                      )<br>            Petitioner,              )<br>                                                      )<br>    v.                                            )<br>                                                      )<br>UNITED STATES OF AMERICA, )<br>                                                      )<br>            Respondent.         )<br>_____) | CV F 04-6617 AWI<br>(CR F 02-5190 AWI)<br><br>ORDER DIRECTING<br>ATTORNEY FOR<br>PETITIONER TO SUBMIT<br>DECLARATION AND<br>RELATED ORDERS<br><br>(28 U.S.C. § 2255) |

     In this case, petitioner Jorge Perez-Serrano ("Petitioner") seeks relief under 28 U.S.C. section 2255 from the sentence of 188 months of imprisonment that was imposed by this court on December 22, 2003, following petitioner's entry of a plea of guilty to a single count of violation of 21 U.S.C. §846 and 841(a)(1), conspiracy to distribute methamphetamine. Although Petitioner's pleadings are voluminous, his grounds for relief boil down to a single contention – that he was deprived of legal counsel in violation of his Sixth Amendment right.

     In support of his motion pursuant to section 2255, Petitioner sets forth the history of his representation at various stages of his case.  Petitioner alleges he was initially represented at his first appearance before the magistrate judge by Marc Ament of the Federal Public Defender's Office.  E. Marshall Hodgkins appeared for Petitioner from May 30, 2002, until November 19, 2002, when Anthony J. Solare was substituted as counsel.  Mr. Solare apparently represented Petitioner through the period of time leading up to Petitioner's change

of plea on September 22, 2003. At the change of plea hearing on September 22, 2003, the attorney appearing for Petitioner stated his appearance as "Mark DuBose appearing for Anthony Solare from San Diego on behalf of Mr. Perez , your Honor." The transcript of the record of the change of plea hearing indicates the change of plea was trailed until Petitioner signed the plea agreement, whereupon the case was called and Mr. DuBose again stated his appearance and Petitioner entered a plea of guilty.

Similarly, on December 22, 2003, the attorney appearing for Petitioner at his sentencing hearing stated his appearance as "Mark DuBose appearing for Anthony Solare on behalf of Mr. Jorge Perez-Serrano, who is present before the court." The record reflects Mr. DuBose was familiar with Petitioner's case and was able to present arguments for downward departure on the basis of minor role in the enterprise and alleged errors in the criminal history calculation. There is nothing in the transcripts of either the change of plea or sentencing hearings that indicates Petitioner's attorney provided deficient representation or that Petitioner objected in any way to Mr. DuBose's performance, nor does Petitioner claim that Mr. DuBose's performance was in any way sub-standard.

The court generally agrees with the factual background Petitioner provides reflecting which attorneys represented Petitioner at specific points in his case. Petitioner makes two additional factual allegations that are critical to his claim for habeas relief. First, Petitioner claims that Mark DuBose has not been admitted to practice before this court; that is, before the District Court of the Eastern District of California. Second, Petitioner claims the name "Mark DuBose" does not appear in the list of attorneys licenced to practice law in the state of California. From this, Petitioner alleges Mark DuBose is not an attorney licensed to practice in California.

The core of Petitioner's legal argument is the contention that, if his attorney was not authorized to practice before the federal court, or if his attorney was not licensed to practice in California at the time he represented Petitioner, then Petitioner suffered ineffective

assistance of counsel and the ineffective assistance is presumed to be prejudicial. In other words, Petitioner contends he suffered a *per se* violation of his Sixth Amendment right to counsel because his attorney was not admitted to the bar of this court and/or was not admitted to the California state bar.

Normally, an appellant or petitioner raising a claim of ineffective assistance of counsel "bears the heavy burden of establishing that his 'counsel's representation fell below an objective standard of reasonableness' and that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bellamy v. Cogdell. 974 F.2d 302, 306(2nd Cir. 1992) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). Courts have, under limited circumstances, presumed prejudice – and therefore a Sixth Amendment violation – where the nature of the depravation was such that the rule requiring demonstration of prejudice in some specific fashion would not be susceptible to intelligent, evenhanded application because the record would be unlikely to reflect the depravation. Such circumstances include the failure to provide any counsel or where the counsel is prevented from discharging his normal functions. See Cooper v. Fitzharris, 586 F.2d 1325, 1332 (9th Cir. 1978) (discussing examples of depravation of counsel based on failure to provide or prevention from discharging normal functions).

The Ninth Circuit has held that the guarantee of a right to counsel means a guarantee of a right to representation "by an attorney admitted to practice law." United States v. Hoffman, 733 F.2d 596, 599 (9th Cir. 1984). The Ninth Circuit has also recognized that the *per se* rule has been applied to the situation where a defendant has been represented by a person posing as a lawyer, but who has never been admitted to the membership of any bar. Id. at 599-600; United States v. Mouzin, 785 F.2d 682, 697 (9th Cir. 1986). However, the scope of application of the *per se* rule in the context of provision of representation by persons who are not members of any bar has been very narrow in Ninth Circuit cases. The Ninth Circuit has made it clear that the *per se* rule does not apply where counsel is provided by a

3

person who is a member of a state bar, but who is disbarred by the bar association of that state. See, e.g., Hoffman, 733 F.2d at 601 (court refuses to apply *per se* rule where attorney representing defendant was disbarred in his home state of Florida but did not report that fact to the district court in Arizona); United States v. Ross, 338 F.3d 1054, 1056 (one-time admission of attorney to a state bar was "enough to overcome a claim of status-based per se ineffective assistance"). Of particular pertinence to Petitioner's argument, the Ross court held that admission to practice in a federal court "is based on state bar membership, not an independent evaluation of competency. '"It is inconceivable that the failure to take this purely formal step [could cause] any prejudice to [an] appellant."' [Citations.]" Id.

    Petitioner contends he is entitled to the presumption of prejudice in his sixth amendment claim because the attorney representing Petitioner during the change of plea haring and at the sentencing hearing was not admitted to practice before this court and because his name did not appear among the members of the California State Bar.  Based on the foregoing discussion, the court rejects Petitioner's first claim.  The court will not presume Petitioner suffered ineffective assistance because his attorney was not admitted to practice before this court.

    As to Petitioner's second claim, the court lacks the facts necessary to make a determination.  Petitioner admits the name of a Marcus Edward DeBose does appear on the list of members in good standing of the California Bar (SBN 216328), and that the listed address of Marcus E. DuBose is the same as the listed address of Solare & Associates, the firm of Petitioner's attorney of record.  The court will not assume at this point that Mark DuBose and Marcus Edward DuBose are different people and will not assume for purposes of this motion that Mark DuBose is not a member in good standing of the state bar.  Rather, the court will order that Mark DuBose submit a declaration stating his full name and State Bar Number, whether he was the individual who represented Petitioner at the times in question, and the status of his bar membership, if any, at the time in question.  Upon

4

submission of a proper declaration, the court will decide Petitioner's motion for habeas relief in accordance with the foregoing discussion.

THEREFORE, it is hereby ordered that:

1. Marcus Edward DuBose shall complete a declaration stating his full name, address, State Bar Number, if any, and his state bar membership status as of September 22, 2003, and December 22, 2003.  Marcus Edward DuBose shall also state whether he complied, as of the foregoing dates, with the requirements of Local Rule 83-180 regarding admission to the bar of this court.  Marcus Edward DuBose shall also state whether he was the person who represented Petitioner at his change of plea hearing and at his sentencing hearing on September 22, 2003, and December 22, 2003, respectively.

2. The clerk of the court shall serve this order on:

   Marcus Edward DuBose,
   Pacific Law Center
   4225 Executive Square, Suite 1550
   La Jolla, California, 92037

3. Markus Edward DuBose shall file and serve the declaration not later than fourteen (14) days from the date of service of this order.

4. Petitioner and the United States shall not respond to this order unless directed to do so by this court.

IT IS SO ORDERED.

Dated:    **August 13, 2007**              **/s/ Anthony W. Ishii**
                                           UNITED STATES DISTRICT JUDGE

5